1  KELLY A. EVANS, ESQ.
   Nevada Bar No. 7691
2  CHAD R. FEARS, ESQ.
   Nevada Bar No. 6970
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, Nevada 89169
   702.784.5200
5  kevans@swlaw.com
   cfears@swlaw.com
6  *Attorneys for Defendant Bristol-Myers*
   *Squibb Company*
7
   JEFFREY S. RUGG, ESQ.
8  Nevada Bar No. 10978
   BROWNSTEIN HYATT FARBER SCHRECK, LLP
9  100 North City Parkway, Suite 1600
   Las Vegas, Nevada 89106
10 702.382.2101
   jrugg@bhfs.com
11 *Attorneys for Defendants Otsuka*
   *America Pharmaceutical, Inc. and*
12 *Otsuka Pharmaceutical Co., Ltd.*

13                    **UNITED STATES DISTRICT COURT**

14                        **DISTRICT OF NEVADA**

15

16 DAVID STIRLING and MIGDALIA
   STIRLING,
17                                              Case No. 2:16-cv-01597-GMN-PAL
                Plaintiffs,
18
          vs.                                   **DEFENDANTS' UNOPPOSED**
19                                              **MOTION TO STAY PROCEEDINGS**
   BRISTOL-MYERS SQUIBB COMPANY,               **PENDING DECISION BY THE**
20 OTSUKA PHARMACEUTICAL CO., LTD.,            **JUDICIAL PANEL ON**
   and OTSUKA AMERICA                          **MULTIDISTRICT LITIGATION**
21 PHARMACEUTICAL, INC.,

22                Defendants.

23

24        Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and

25 Otsuka Pharmaceutical Co., Ltd. hereby move this Court for an Order granting their Unopposed

26 Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation

27 ("JPML").  As explained in the accompanying memorandum of points and authorities, a

28 temporary stay while the JPML considers the recently filed joint motion to establish a

*Snell & Wilmer*
*L.L.P.*
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

multidistrict litigation for Abilify® compulsive behavior cases will serve the interests of efficiency and conservation of judicial resources.

Plaintiffs do not oppose this motion.

Dated:  August 8, 2016

By:    /s/ Chad Fears
Kelly A. Evans, Esq. (#7691)
Chad R. Fears, Esq. (#6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway #1100
Las Vegas, Nevada 89169
702.784.5200
kevans@swlaw.com
cfears@swlaw.com

*Attorneys for Defendant Bristol-Myers Squibb Company*

By:    /s/ Jeffrey Rugg
Jeffrey S. Rugg, Esq. (#10978)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
702.382.2101
jrugg@bhfs.com

*Attorneys for Defendants Otsuka America Pharmaceutical, Inc. and  Otsuka Pharmaceutical Co., Ltd.*

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

## I.      INTRODUCTION

Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd.[1] (collectively, "Defendants") respectfully submit this unopposed motion to stay all proceedings in this case until resolution of the joint motion to establish a multidistrict litigation ("MDL") for Abilify® compulsive behavior litigation nationwide.

On June 24, 2016, the parties in the 26 Abilify compulsive behavior cases pending at that time filed a joint motion with the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") for transfer of those cases and any subsequent related actions involving similar claims—such as this case—to a single jurisdiction for coordinated and consolidated pretrial proceedings in order to ensure uniformity of decisions and to avoid unnecessary duplication of efforts.  Granting a temporary stay in this case would further those interests.  Such a stay would be brief, as the Parties expect the JPML to hear the motion on September 29, 2016, and the Panel is expected to render a decision shortly thereafter.

## II.     BACKGROUND

Plaintiffs filed this action on July 6, 2016, alleging that Plaintiff David Stirling was prescribed and took the prescription medication Abilify® from May 2009 until October 2014, and that it caused him to gamble pathologically.  Compl. ¶ 8, ECF No. 1.

This case is one of 33 cases now pending in 18 federal jurisdictions that allege that Defendants failed to warn prescribers and consumers of Abilify of "an increased risk of serious and dangerous side effects including, without limitation, uncontrollable compulsive behaviors such as compulsive gambling."  Compl. ¶¶ 4, 103.  In light of the nationwide scope of the litigation, on June 24, 2016, the parties in the 26 Abilify compulsive behavior cases pending at

---

[1]     Defendant Otsuka Pharmaceutical Co., Ltd. ("OPC"), a Japanese company headquartered in Japan, anticipates filing a motion to dismiss for lack of personal jurisdiction.  No waiver of any challenge to personal jurisdiction is created or implied by joining in this motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

that time jointly filed a motion with the JPML to transfer those cases and any subsequent related actions involving similar claims—such as this case—to a single judge in the Northern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Motion") (attached as Exhibit A).  On July 11, 2016, Plaintiffs filed a notice with the JPML that this action is related to the 26 cases subject to the MDL Motion (attached as Exhibit B).

Defendants are in the process of filing motions to stay in all the Abilify compulsive behavior cases except those pending in the Northern District of Florida.  Thus far, stays of proceedings pending decision by the JPML have been entered in eighteen of the cases.  *See* Docket Text Order, *Leland v. Bristol-Myers Squibb Co.*, No. 6:16-cv-3023 (W.D. Mo. June 29, 2016), ECF No. 58 (attached as Exhibit C); Order Granting Defendants' Unopposed Motion to Stay Proceedings Pending Decision By Judicial Panel on Multidistrict Litigation, *Kinder v. Bristol-Myers Squibb Co.*, No. 1:16-cv-170 (D. Md. June 29, 2016), ECF No. 60 [hereinafter "D. Md. Stay Order"] (attached as Exhibit D)[2]; Order, *Bowman v. Bristol-Myers Squibb Co.*, No. 8:16-cv-117 (M.D. Fla. June 30, 2016), ECF No. 73 (attached as Exhibit E); Order, *Edgar v. Bristol-Myers Squibb Co.*, No. 1:16-cv-654 (M.D. Pa. July 5, 2016), ECF No. 50 (attached as Exhibit F)[3]; Order, *Tripler v. Bristol-Myers Squibb Co.*, No. 16-cv-244 (E.D. Pa. July 6, 2016), ECF No. 50 (attached as Exhibit G); Order, *Clarke v. Bristol-Myers Squibb Co.*, No. 2:16-cv-447 (M.D. Fla. July 6, 2016), ECF No. 13 (attached as Exhibit H); Order, *Miley v. Bristol-Myers Squibb Co.*, No. 0:16-cv-67 (D. Minn. July 8, 2016), ECF No. 55 (attached as Exhibit I); Order Granting Defendants' Motion to Stay Proceedings Pending MDL Panel Decision, *Pamintuan v. Bristol-Myers Squibb Co.*, No. 3:16-cv-254 (N.D. Cal. July 14, 2016), ECF No. 60 [hereinafter "N.D. Cal. Stay Order"] (attached as Exhibit J); Order Granting Motion to Stay, *Adams v. Bristol-Myers Squibb Co.*, No. 1:16-cv-1674 (D. Colo. July 18, 2016), ECF No. 9 [hereinafter "D. Colo. Stay Order"] (attached as Exhibit K); Order, *Reese v. Bristol-Myers Squibb Co.*, No. 8:16-cv-116

---

[2]      Identical orders also were entered in *Davis v. Bristol-Myers Squibb Co.*, No. 1:16-cv-171 (D. Md.), *Schaap v. Bristol-Myers Squibb Co.*, No. 1:16-cv-172 (D. Md.), and *Butler v. Bristol-Myers Squibb Co.*, No 1:16-cv-173 (D. Md.).

[3]      An identical order also was entered in *Bowman v. Bristol-Myers Squibb Co.*, No. 1:16-cv-1140 (M.D. Pa.).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

(M.D. Fla. July 22, 2016), ECF No. 72 (attached as Exhibit L); Order Granting Defendants' Unopposed Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation, *Sears v. Bristol-Myers Squibb Co.*, No. 1:16-cv-65 (E.D. Cal. July 29, 2016), ECF No. 60 (attached as Exhibit M)[4].[5]

## III.   ARGUMENT

Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  While this action is not automatically stayed upon the filing of the MDL Motion, it is within the Court's discretion to grant a stay, particularly if doing so would serve the interests of judicial economy and efficiency.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (discretion to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

Courts in this District have granted temporary stays, like the one requested here, pending decisions by the JPML on Section 1407 motions.  *See, e.g.*, *Hernandez v. Asni, Inc.*, No. 2:15-cv-78, 2015 WL 3932415, at *2 (D. Nev. June 24, 2015) (granting motion to stay pending decision by JPML); *F.I.M. v. U.S. Dep't of the Interior*, No. 3:14-cv-630, 2015 WL

---

[4]     Identical orders also were entered in *Reynolds v. Bristol-Myers Squibb Co.*, No. 1:16-cv-357 (E.D. Cal.), *Harper-Mosley v. Bristol-Myers Squibb Co.*, No. 1:16-cv-609 (E.D. Cal.), and *Vickers v. Bristol-Myers Squibb Co.*, No. 1:16-cv-737 (E.D. Cal.).

[5]     One judge denied Defendants' unopposed motions to stay in two cases without prejudice and without explanation.  *See* Order Denying Motion to Stay Pending Grant of MDL Petition, *Thomas v. Bristol-Myers Squibb Co.*, No. 2:16-cv-326 (C.D. Cal. July 6, 2016), ECF No. 71 (attached as Exhibit N); Order Denying Motion to Stay Pending Grant of MDL Petition, *Tsiryulnikova v. Bristol-Myers Squibb Co.*, No. 2:16-cv-4046 (C.D. Cal. July 6, 2016), ECF No. 24 (identical to *Thomas* order).  Both cases were subsequently dismissed voluntarily without prejudice.  *See Thomas*, No. 2:16-cv-326, ECF No. 79; *Tsiryulnikova*, No. 2:16-cv-4046, ECF No. 30.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

2165274, at *3 (D. Nev. May 7, 2015) (same); *Lee v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-1164, 2012 WL 4795658, at *2 (D. Nev. Oct. 8, 2012) (same); *Innovatio IP Ventures, LLC v. MEI-GSR Holdings LLC*, No. 3:11-cv-343, 2011 WL 6812541, at *1 (D. Nev. Dec. 27, 2011) (same).

Because Defendant Otsuka Pharmaceutical Co., Ltd. anticipates moving to dismiss the complaint for lack of personal jurisdiction, a stay is particularly appropriate here to ensure uniform application of federal personal jurisdiction standards to the Abilify compulsive behavior cases. *See* MDL Motion at 9 (explaining overlapping challenges by OPC to personal jurisdiction in each of the actions and efficiencies that would result from coordinated treatment); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred [to the MDL], the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served."); N.D. Cal. Stay Order, *Pamintuan*, No. 3:16-cv-254, ECF No. 60 ("[I]t makes sense for the court handling any MDL to have the opportunity to resolve issues like personal jurisdiction in a uniform manner."). Indeed, federal district courts often grant stays to allow an MDL court to decide pending motions to dismiss. *See, e.g.*, Docket Text Order, *Leland*, No. 6:16-cv-3023, ECF No. 58 (granting stay of proceedings, including motion to dismiss, pending decision by JPML); D. Md. Stay Order, *Kinder*, No. 1:16-cv-170, ECF No. 60 (same); Order, *Bowman*, No. 8:16-cv-117, ECF No. 73 (same); *Sprint Commc'ns Co. v. Pac. Bell Tel. Co.*, No. 2:14-cv-1257, 2014 WL 7239474, at *1–2 (E.D. Cal. Dec. 16, 2014) (same); *Milan v. Rama*, No. 13-cv-3796, 2013 WL 5496462, at *2 (N.D. Cal. Oct. 3, 2013) (same); *Eggart v. A.L.S. Enters.*, No. 09-cv-107, 2009 WL 1587904, at *1 (E.D. Wash. June 2, 2009) (same).

A brief stay will not prejudice any party. The Parties expect the JPML to hear the MDL Motion at its September 29, 2016 session, and the Panel is expected to render a decision shortly thereafter. *See* John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. L. REV. 2225, 2242 (2008) ("The Panel's rules already require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards . . . ."). In

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

addition, Plaintiffs do not oppose this Motion, thus making a stay even more appropriate. *See* D. Colo. Stay Order, *Adams*, No. 1:16-cv-1674, ECF No. 9 ("The Plaintiffs do not oppose the request and I agree that a temporary stay of proceedings is in all of the parties' best interests. Further, the JPML is expected to rule on the motion to transfer by early October 2016 at the latest and, thus, the stay requested is likely to be brief, which minimizes any potential prejudice to any party.").

Moreover, this action is at an early stage. The benefits of granting a stay outweigh any short delay at this early phase of the case. *See* N.D. Cal. Stay Order, *Pamintuan*, No. 3:16-cv-254, ECF No. 60 ("The Court finds that a temporary stay of proceedings in this action is appropriate pending a decision by the Panel on whether to consolidate the Abilify compulsive behavior cases in a single MDL proceeding."); Order, *Miley*, No. 0:16-cv-67, ECF No. 55 ("The Court agrees that the conservation of judicial resources is best served by allowing the JPML time to determine whether this action should be part of an MDL, or should proceed as a stand-alone case in this District."); *F.I.M.*, 2015 WL 2165274, at *2 ("Any potential prejudice to Plaintiffs from the stay and commensurate delay in discovery would be minimal in light of the stay's short duration."); *Stark v. Pfizer*, No. 14-cv-1488, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014) ("The potential prejudice to Plaintiff that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed."); *Weaver v. Pfizer*, No. 2:14-cv-818, 2014 WL 2002212, at *4 (E.D. Cal. May 15, 2014) ("The potential burden on [defendant] of having to defend itself in multiple fora favors entry of a stay pending decision of the [JPML]. Moreover, defendant may have to relitigate any decisions this court reaches if the case is transferred to the MDL court." (internal citations omitted)).

/ / /

/ / /

/ / /

/ / /

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request a temporary stay of all proceedings in this case pending a decision by the JPML on the MDL Motion.

Dated:  August 8, 2016

By:    /s/ Chad Fears
Kelly A. Evans, Esq. (#7691)
Chad R. Fears, Esq. (#6970)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway #1100
Las Vegas, Nevada 89169
702.784.5200
kevans@swlaw.com
cfears@swlaw.com

*Attorneys for Defendant Bristol-Myers Squibb Company*

By:    /s/ Jeffrey Rugg
Jeffrey S. Rugg, Esq. (#10978)
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
702.382.2101
jrugg@bhfs.com

*Attorneys for Defendants Otsuka America Pharmaceutical, Inc. and  Otsuka Pharmaceutical Co., Ltd.*

IT IS SO ORDERED:

DATED: August 9, 2016

UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that on AUGUST 8, 2016, a true and correct copy of the foregoing **DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** was electronically filed with the clerk of the court by using CM/ECF service all parties involved in this case and receiving service via the court's CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Julia Melnar
An Employee of Snell & Wilmer L.L.P.

# EXHIBIT A

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ABILIFY COMPULSIVE BEHAVIOR PRODUCTS LIABILITY LITIGATION | MDL No. _____<br><br>**JOINT MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Plaintiffs Denise Miley and Brad Miley, with the consent of other plaintiffs, and Defendants Bristol-Myers Squibb Company, Otsuka Pharmaceutical Co., Ltd.[1] and Otsuka America Pharmaceutical, Inc. (collectively, "Parties") move to transfer all Abilify® compulsive behavior cases pending in the federal courts to the Northern District of Florida for coordinated or consolidated pretrial proceedings before the Honorable M. Casey Rodgers, before whom two Abilify compulsive behavior cases are pending.

As explained more fully in the accompanying memorandum, a § 1407 transfer of these actions to the Northern District of Florida is appropriate:

1.      The 26 lawsuits identified in the accompanying Schedule of Actions ("Abilify Compulsive Behavior Cases") involve product liability suits that arise out of the

---

[1] Defendant Otsuka Pharmaceutical Co., Ltd. contests personal jurisdiction in the United States federal courts, and it has filed motions to dismiss on this basis. Otsuka Pharmaceutical Co., Ltd. supports creation of an MDL, but reserves all rights regarding its objection to personal jurisdiction. No waiver of any challenge to personal jurisdiction is created or implied by supporting this motion.

plaintiffs' use of Abilify and each plaintiff alleges that Abilify caused compulsive gambling.

2.      The Abilify Compulsive Behavior Cases are pending in the Northern District of Florida (two cases), the Middle District of Florida (three cases), the Central District of California (three cases), the Eastern District of California (four cases), the Northern District of California (one case), the Southern District of Indiana (one case), the District of Maryland (four cases), the District of Minnesota (one case), the Western District of Missouri (one case), the District of New Jersey (three cases), the Eastern District of Pennsylvania (one case), and the Middle District of Pennsylvania (two cases).

3.      Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and promote judicial efficiency.  In particular, centralization will allow the Parties to coordinate document discovery and to coordinate a single set of depositions of the key witnesses.

4.      The Parties request that these cases be centralized in the Northern District of Florida before the Honorable M. Casey Rodgers, before whom two Abilify compulsive behavior cases are pending.  Chief Judge Rodgers has over 13 years of experience as a federal judge.  She has served as a District Court Judge since 2003, following her term as a United States Magistrate Judge.  During her tenure, she has presided over multiple cases remanded from multidistrict litigations involving complex product liability actions, as well as numerous class actions.

WHEREFORE, the Parties respectfully ask the Panel to issue an Order transferring all the actions listed in the accompanying Schedule of Actions, as well as all

subsequently filed related actions, for coordinated or consolidated pretrial proceedings before Chief Judge Rodgers in the Northern District of Florida.

Dated:  June 24, 2016                       Respectfully submitted,

                             By: /s/ Gary L. Wilson
                               Gary L. Wilson
                               Munir R. Meghjee
                               Megan J. McKenzie

                             ROBINS KAPLAN LLP
                             800 LaSalle Avenue, Suite 2800
                             Minneapolis, MN 55402-2015
                             Telephone: (612) 349-8500
                             Fax:  (612) 339-4181
                             GWilson@RobinsKaplan.com
                             MMeghjee@RobinsKaplan.com
                             MMcKenzie@RobinsKaplan.com

                             *Attorneys for Plaintiffs/Movants Denise Miley and Brad Miley*

Dated:  June 24, 2016               By:   /s/ Kristian Rasmussen
                             Kristian Rasmussen
                             CORY WATSON, P.C.
                             2131 Magnolia Avenue, Suite 200
                             Birmingham, AL 35205
                             Telephone: (205) 328-2200
                             Fax: (205) 324-7896
                             krassmussen@corywatson.com

                             *Attorneys for Plaintiffs*

Dated: June 24, 2016               By:   /s/ J. Gordon Rudd Jr.
                             J. Gordon Rudd Jr.
                             ZIMMERMAN REED
                             80 South Eighth Street, Suite 100
                             Minneapolis, MN 55402

Telephone: (612) 341-0400
Fax: (612) 341-0844
gordon.rudd@zimmreed.com

*Attorneys for Plaintiffs*

Dated: June 24, 2016            By:   /s/ George T. Williamson
                                      George T. Williamson
                                      FARR, FARR, EMERICH, HACKETT, CARR
                                      & HOLMES, P.A.
                                      99 Nesbit Street
                                      Punta Gorda, FL 33950
                                      Telephone: (941) 639-1158
                                      Fax: (941) 639-0028
                                      gwilliamson@farr.com

*Attorneys for Plaintiffs*

Dated:  June 24, 2016           By:   /s/ Anand Agneshwar
                                      Anand Agneshwar
                                      ARNOLD & PORTER LLP
                                      399 Park Avenue
                                      New York, NY 10022-4690
                                      Telephone: (212) 715-1107
                                      Fax: (212) 715-1399
                                      anand.agneshwar@aporter.com

                                      Matthew Eisenstein
                                      ARNOLD & PORTER LLP
                                      601 Massachusetts Avenue, NW
                                      Washington, DC 20001
                                      Telephone: (202) 942-6606
                                      Fax: (202) 282-5100
                                      matthew.eisenstein@ aporter.com

                                      Barry J. Thompson
                                      HOGAN LOVELLS US LLP
                                      1999 Avenue of the Stars, Suite 1400
                                      Los Angeles, CA 90067
                                      Telephone:  (310) 785-4600

4

Fax:  (310) 785-4601
barry.thompson@hoganlovells.com

Lauren S. Colton
HOGAN LOVELLS US LLP
100 International Drive, Suite 200
Baltimore, MD 21202
Telephone:  (410) 659-2700
Fax:  (410) 659-2701
lauren.colton@hoganlovells.com

*Attorneys for Defendant Bristol-Myers Squibb Company*

Dated:  June 24, 2016      By: /s/ Matthew A. Campbell

Matthew A. Campbell
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006
Telephone: (202) 282-5848
Fax: (202) 282-5100
macampbe@winston.com

Luke A. Connelly
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Phone: (212) 294-6882
Fax: (212) 294-4700
lconnell@winston.com

*Attorneys for Defendants Otsuka Pharmaceutical Co., Ltd. and Otsuka America Pharmaceutical, Inc.*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ABILIFY COMPULSIVE BEHAVIOR PRODUCTS LIABILITY LITIGATION | MDL No. _____ <br><br> **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407** <br><br> ORAL ARGUMENT REQUESTED |

**INTRODUCTION**

Plaintiffs Denise Miley and Brad Miley, with the consent of other plaintiffs, and Defendants Bristol-Myers Squibb Company, Otsuka Pharmaceutical Co., Ltd.[1] and Otsuka America Pharmaceutical, Inc. (collectively, "Parties") move, pursuant to 28 U.S.C. § 1407, to transfer all Abilify® compulsive behavior cases pending in the federal courts to the Northern District of Florida for coordinated and consolidated pretrial proceedings before the Honorable M. Casey Rodgers, before whom two Abilify compulsive behavior cases are pending.

Abilify is a prescription medication used to treat patients with serious and debilitating mental health conditions. Abilify has received approval from the U.S. Food and Drug Administration ("FDA") for its indicated uses, and doctors widely prescribe it

---

[1] Defendant Otsuka Pharmaceutical Co., Ltd. contests personal jurisdiction in the United States Federal Courts, and it has filed motions to dismiss on this basis. Otsuka Pharmaceutical Co., Ltd. supports creation of an MDL, but reserves all rights regarding its objection to personal jurisdiction. No waiver of any challenge to personal jurisdiction is created or implied by supporting this motion.

1

to treat patients with schizophrenia, bipolar I disorder, and major depressive disorder. Abilify is manufactured as tablets, oral solution, and injection.  Since its U.S. launch over 13 years ago, an estimated 24 million patients have used Abilify.

On May 3, 2016, the FDA, in an "FDA Safety Communication," announced that warnings regarding "compulsive or uncontrollable urges to gamble, binge eat, shop, and have sex" would be added to the Abilify label.[2]

Movant Denise Miley and her husband Brad Miley filed the first Abilify compulsive behavior case on January 12, 2016, in the District of Minnesota.[3] Currently, a total of 26 Abilify compulsive behavior cases filed by four different law firms are pending in 12 different federal district courts before 14 different federal district judges.[4]  Many more federal cases are expected.  In addition, 13 Abilify compulsive behavior lawsuits pending in New Jersey state court have been consolidated in one proceeding for pretrial coordination.[5]  In total, Plaintiffs' counsel anticipate that hundreds of additional Abilify compulsive behavior cases will be filed. All of the lawsuits arise out of the plaintiffs' use of Abilify and each plaintiff alleges that Abilify caused compulsive gambling.  Consolidation of these cases is critical to avoid

---

[2] *FDA Drug Safety Communication: FDA Warns About New Impulse-Control Problems Associated With Mental Health Drug Aripiprazole (Abilify, Abilify Maintena, Aristada)*, FDA, May 3, 2016, http://www.fda.gov/Drugs/DrugSafety/ucm498662.htm.

[3] *See* Complaint, *Miley v. Bristol-Myers Squibb Co.*, No. 0:16-cv-67 (D. Minn. Jan. 12, 2016), ECF No. 1.

[4] A Schedule of Actions listing all Abilify compulsive behavior cases currently pending in federal court is filed herewith.

[5] *See* Civil Action Order, *Yun v. Bristol-Myers Squibb Co.*, No. BER-L-337-16 (N.J. Super. Ct. Law. Div. Mar. 18, 2016) (attached as Exhibit A).

duplication of efforts by numerous federal courts and the prejudice that could result from inconsistent rulings on key issues.

## ARGUMENT

### A.  Standard for Transfer and Consolidation

Title 28, United States Code, section 1407 directs the Judicial Panel on Multidistrict Litigation to transfer federal civil actions for pretrial coordination or consolidation when: (1) the cases involve "common questions of fact"; (2) the transfer is convenient for the parties and witnesses; and (3) the transfer "promote[s] the just and efficient conduct" of the cases. 28 U.S.C. § 1407(a).  The general purpose of § 1407 is to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."  *Manual for Complex Litigation* § 20.131 (4th ed. Westlaw 2016); *see also In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968) (Section 1407 is aimed at eliminating "delay, confusion, conflict, inordinate expense and inefficiency" during the pretrial period).  Upon a motion for transfer, the Panel considers factors including "the progress of discovery, docket conditions, familiarity of the transferee judge with the relevant issues, and size of the litigation." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006).

Also, when there is a significant state court docket regarding similar facts and theories of liability as the Federal cases that are proposed to be consolidated, this factor weighs in favor of consolidation as "[c]reation of an MDL likely  will make it

3

easier to coordinate, as needed, pretrial proceedings in both the state and federal cases, because there will now be just one judge handling the latter." *In re: Lipitor (Atorvastatin Calcium) Mktg., Salespractices and Prods. Liab. Litig. (No. II)*, 997 F. Supp. 2d 1354, 1356 (J.P.M.L. 2014) (citing *In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378-79 (J.P.M.L. 2013)).

Consent and cooperation of counsel should factor into the Panel's selection of the appropriate transferee court. "As a general rule, the Panel likes to accommodate the parties in selecting an appropriate transferee district. Consequently, if the parties or a group of them can make a joint recommendation, the Panel may be favorably impressed." Judge John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 Tulane L. Rev. 2225, 2241 (2008); *see, e.g., In re Am. Honda Motor Co., Oil Filter Prods. Liab. Litig.*, 416 F. Supp. 2d 1368, 1369 (J.P.M.L. 2006) ("We are persuaded that the Central District of California is an appropriate transferee forum for this docket, in accordance with the unanimous support of the parties."). Plaintiffs' and Defendants' counsel agree that consolidating all 26 currently pending federal cases in this litigation, and any subsequent "tag along" cases involving similar claims, is necessary to promote the just and efficient adjudication of these actions. Likewise, there is consensus that Chief Judge Rodgers's court in the Northern District of Florida, where two of the Abilify compulsive behavior cases are pending,[6] is the most logical and convenient venue for these proceedings.

---

[6] *Perez v. Bristol-Myers Squibb Co.*, No. 3:16-cv-251 (N.D. Fla.); *Viechec v. Bristol-Myers Squibb Co.*, No. 3:16-cv-291 (N.D. Fla.).

4

**B.      Transfer and Consolidation Are Appropriate in This Matter**

> **1.  The Abilify compulsive behavior cases raise common questions of fact and involve common questions of law.**

One factor to consider for transfer and consolidation pursuant to 28 U.S.C. § 1407 is whether the cases involve "common questions of fact" subject to discovery. *In re: Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2007). The Panel recognizes that pharmaceutical product liability cases are often particularly well suited for consolidation, because they involve common questions of fact concerning the "development, testing, manufacturing and marketing" of the products. *In re Accutane Prods. Liab. Litig.*, 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004); *see also In re Traysol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (common questions regarding the safety profile of a drug and the manufacturer's warning); *In re Vytorin/Zetia Mktg., Sales Practices & Prods. Liab. Litig.*, 543 F. Supp. 2d 1378, 1380 (J.P.M.L. 2008) (common questions regarding the use and/or marketing of two pharmaceutical drugs).

These cases are all closely related.[7]  The cases involve the same defendants, the same basic theories of liability, and the same general factual allegations.  All of the

---

[7] Defendants agree with Plaintiffs that the Abilify compulsive behavior cases should be coordinated and consolidated for pretrial proceedings in the interest of judicial efficiency and to avoid inconsistent rulings. Defendants also recognize that there will be common witnesses and experts as to liability and general causation issues. Defendants do not wish their joinder in this submission, however, to suggest any agreement as to which issues will be dispositive in individual cases. Each plaintiff will have to prove his or her individual case and Defendants believe that specific causation issues will be critically important, and likely more important, than the general issues. However one views the cases at this stage, however, coordinated and uniform case

5

cases will involve the same core of lay and expert witness testimony and document discovery. These cases also share overlapping issues based on the complaints' allegations, including:

(1)  Whether and to what extent Abilify is a substantial factor in causing the alleged compulsive behavior;

(2)  When Defendants learned of any such connection between Abilify and the alleged compulsive behavior;

(3)  Whether, and for how long, Defendants concealed any such knowledge from prescribing physicians;

(4)  Whether Defendants failed to provide adequate and timely warnings and instruction concerning the alleged relationship between Abilify and compulsive behavior;

(5)  Whether Defendants engaged in fraudulent and illegal marketing practices including, but not limited to, making unsubstantiated claims regarding the effectiveness and superiority of Abilify; and

(6)  Whether Defendant Otsuka Pharmaceutical Co, Ltd. is subject to personal jurisdiction in the United States courts.

Separate, unconsolidated pretrial proceedings in the federal cases that have been and will be filed would greatly increase the costs of this litigation for all parties, waste judicial resources, and create a significant risk of inconsistent rulings.

### 2. Pretrial centralization of the Abilify compulsive behavior cases will enhance the convenience of the litigation as a whole.

Transfer and consolidation is also appropriate when it enhances the convenience of the litigation as a whole. *In re: Library Editions of Children's Books*, 297

---

management by an experienced judge like Chief Judge Rodgers will be beneficial for all parties.

6

F. Supp. 385, 386 (J.P.M.L. 1968).   Defendants and Plaintiffs agree that they will both benefit from pretrial centralization.

Pretrial centralization would reduce discovery requests and costs significantly for Defendants.  Defendants would be able to work with one consolidated set of federal court discovery requests and filings from Plaintiffs' counsel in these 26 federal cases, rather than negotiating with various counsel and courts across the country.  Without pretrial centralization, discovery would proceed in a piecemeal and burdensome fashion:  defense documents and witnesses would have to be produced numerous times, and the scope of discovery would have to be addressed and litigated in more than a dozen courts and in front of different federal judges.

Pretrial centralization also permits Plaintiffs' counsel to coordinate their efforts and share the pretrial workload, which reduces each individual counsel's costs.  The 26 Abilify compulsive behavior cases currently pending in federal court were filed by four different law firms.  Any variance between the manner in which those firms choose to proceed in the litigation can be reconciled by an MDL court.

Pretrial centralization will also allow Plaintiffs and Defendants to concentrate their attention and energy on a single federal forum, allowing Plaintiffs and Defendants to respond more quickly and effectively to opposing counsel and the transferee court, a n d  enhancing the overall efficiency of the litigation. *See In re: Baldwin-United Corp. Litigation*, 581 F. Supp. 739, 741 (J.P.M.L. 1984).  Centralization will conserve financial resources of the courts as one federal judge, rather than many

7

federal judges (currently there are 14 different federal district judges), and will resolve issues related to discovery, expert witnesses, and other common issues in the cases. Finally, centralization of the federal cases will make it easier for the New Jersey state court judge (and potential future state court judges) to coordinate with one federal judge, as opposed to attempting to coordinate with multiple federal judges across the country.

Because no case has progressed to the point of trial, and discovery has just begun, the goals of efficiency and coordination can be met by transferring all 26 pending cases to the MDL judge who may be assigned to this case. Failing to transfer would force all the parties to take repetitive and/or redundant depositions and other pretrial discovery, as well as leading to inconsistent and conflicting rulings.

### 3. Pretrial centralization of the Abilify cases will promote the just and efficient conduct of these cases.

Centralization of the Abilify compulsive behavior cases will also promote the just and efficient conduct of this litigation. In evaluating whether proposed pretrial transfers serve this goal, the Panel often asks whether centralization will prevent inconsistent or repetitive pretrial rulings. *See, e.g., In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) (centralization would promote justice and efficiency because it would "eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary"). For litigation of this magnitude and scope, centralization before a single court eliminates the possibility of inconsistent rulings

8

among the Abilify compulsive behavior cases, and therefore, prevents different treatment of plaintiffs under similar legal theories. Here, for example, Defendant Otsuka Pharmaceutical Co., Ltd. has filed motions to dismiss for lack of personal jurisdiction in every case. Federal Judges presiding over these cases, including the Honorable Ellen L. Hollander in the District of Maryland and the Honorable M. Douglas Harpool in the Western District of Missouri, have expressed concern over the possibility of conflicting rulings on these motions.

As another example, in two of the cases courts have entered vastly different scheduling orders: one requires a very short discovery schedule and sets trial for February 2017,[8] while the other sets a discovery schedule to prepare for a trial in June 2018.[9] These inconsistent approaches preclude the cases proceeding on parallel tracks and render informal coordination of discovery impossible.

While the JPML has sometimes indicated that inconsistent rulings may be unavoidable, centralization will assist the Parties and the judiciary to keep the number of such potential conflicts to a bare minimum.

### C. The Northern District of Florida is the best transferee forum to efficiently oversee the federal Abilify compulsive behavior cases

The Parties agree and respectfully urge the Panel to transfer the Abilify compulsive behavior cases to the Northern District of Florida for coordinated and consolidated pretrial proceedings before the Honorable M. Casey Rodgers, the

---

[8] *See* Civil Minutes - General, *Thomas v. Bristol-Myers Squibb Co.*, No. 2:16-cv-326 (C.D. Cal. May 10, 2016), ECF No. 52 (attached as Exhibit B).
[9] *See* Case Management Order, *Meyer v. Bristol Myers-Squibb Co.*, No. 1:16-cv-191 (S.D. Ind. June 1, 2016), ECF No. 71 (attached as Exhibit C).

9

Chief Judge of that District, and before whom two Abilify compulsive behavior cases are pending, where they can be efficiently and justly managed by a court with capacity to handle these cases. The Panel balances a number of factors in determining the transferee forum, including: the experience, skill and caseloads of the available judges; the number of cases pending in the jurisdiction; the convenience of the parties; the location of the witnesses and evidence; and the minimization of cost and inconvenience to the parties. *See In re: Lipitor (No. II)*, 997 F. Supp. 2d at 1357; *In re: Preferential Drugs Prods. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977); *In re: Tri-State Crematory Litig.*, 206 F. Supp. 1376, 1378 (J.P.M.L. 2002). These factors weigh in favor of the Northern District of Florida and the Honorable M. Casey Rodgers.

In selecting the appropriate forum, the Panel considers whether a district already has numerous pending MDLs and will be overtaxed by the addition of a new litigation. *See In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378 (J.P.M.L. 2003). The Northern District of Florida currently has no pending MDLs. The Panel has stated that if a particular court has no MDLs, that is a clear factor weighing in favor of transfer to that under-utilized district. *E.g., In re Pilgrim's Pride Fair Labor Standards Litig.*, 489 F. Supp. 2d 1381, 1381 (J.P.M.L. 2007); *In re Teflon Prods Liab. Litig.*, 416 F. Supp. 2d 1364, 1365 (J.P.M.L. 2006); *In re FedEx Ground Package System, Inc., Emp. Practices Litig. (No. II)*, 381 F. Supp. 2d 1380, 1382 (J.P.M.L. 2005); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003).

10

The Northern District of Florida is efficient. According to the most recent Federal Court Management Statistics, the Northern District of Florida ranks 24th among districts in the entire country in median time from filing to disposition in civil cases (8.0 months compared to a nationwide median of 8.6 months).[10] Another "especially useful basis for comparing the various court dockets" is the percentage of cases over three years old. D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* § 6:17, at 210-11 (2009). The Northern District of Florida again performs well against this measure, with only 3.2% of its civil cases pending for three years or more (compared to a nationwide average of 12.2%).[11] The Northern District of Florida is also a convenient forum. An appropriate transferee court should be convenient for parties and witnesses. The Pensacola International Airport is served by five major airlines with flights and connections throughout the United States.[12]

The potential scope of this litigation is large. Abilify is widely prescribed. The recent increase in the number of filed cases and the number of firms filing those cases reflects the wide reach of this litigation. The Panel should take advantage of the Northern District of Florida's skill and efficiency and consolidate all of the Abilify compulsive behavior cases in the Northern District of Florida.

---

[10] Federal Court Management Statistics for Northern District of Florida, http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/12/31-2; United States District Courts—National Judicial Caseload Profile, http://www.uscourts.gov/file/19995/download.

[11] Federal Court Management Statistics for Northern District of Florida, http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/12/31-2; United States District Courts—National Judicial Caseload Profile, http://www.uscourts.gov/file/19995/download.

[12] *See* Bookings, Pensacola Int'l Airport, http://flypensacola.com/page/Bookings.

11

The Parties respectfully request that the litigation in the Northern District of Florida be assigned to the Honorable M. Casey Rodgers. Judge Rodgers, who, as noted above, is currently the Chief Judge of the District, has over 13 years of experience as a federal judge. She has served as a District Court Judge since 2003, following her term as a United States Magistrate Judge. She is currently assigned the two Abilify compulsive behavior cases pending in the Northern District of Florida. During her tenure, she has presided over multiple cases remanded from multidistrict litigations involving complex product liability actions, *see, e.g.*, *Krause v. Novartis Pharms. Corp.*, No. 1:06-cv-12 (N.D. Fla.); *Leroy v. Medtronic, Inc.*, No. 3:14-cv-284 (N.D. Fla.), as well as numerous class actions, *see, e.g.*, *Hall v. AETNA Life Insur. Co.*, No. 3:09-cv-222 (N.D. Fla.), *Sacred Heart Health Systems, Inc. v. Humana Military Healthcare Servs.*, No. 3:07-cv-62 (N.D. Fla.); *All-South Subcontractors, Inc. v. Amerigas Propane, Inc.*, No. 3:15-cv-9 (N.D. Fla.).

Accordingly, Plaintiffs and Defendants respectfully request that the Panel transfer the Abilify compulsive behavior cases to the Northern District of Florida for coordinated and consolidated pretrial proceedings before the Honorable M. Casey Rodgers.

**D.  Expedited Hearing**

The Parties respectfully request that the Panel hear oral argument on this motion at the hearing scheduled for July 28, 2016, in Seattle, Washington. Because Plaintiffs and Defendants in all 26 Abilify compulsive behavior cases pending in the federal courts join in this motion, no further papers (such as an opposition or reply) will be filed. Since briefing is completed with today's filing, the motion is ripe to be disposed

12

of at the July 28 hearing. Expedited hearing would permit the Panel to rule before any of the cases progress to a point at which coordination and consolidation might present some difficulty. The inconsistent treatment of the cases by the federal judges before whom they are currently pending, as exemplified by the vastly different scheduling orders discussed above, render expedited consideration of this motion in the interest of judicial efficiency.[13]

## CONCLUSION

For the aforementioned reasons, the Parties respectfully request that the Panel order coordinated and consolidated pretrial proceedings for the Abilify compulsive behavior litigation, and respectfully request that the Panel transfer these cases to the Northern District of Florida.

Dated: June 24, 2016                     Respectfully submitted,

                              By: /s/ Gary L. Wilson
                                   Gary L. Wilson
                                   Munir R. Meghjee
                                   Megan J. McKenzie

                                   ROBINS KAPLAN LLP
                                   800 LaSalle Avenue, Suite 2800
                                   Minneapolis, MN 55402-2015
                                   Telephone: (612) 349-8500
                                   Fax: (612) 339-4181
                                   GWilson@RobinsKaplan.com
                                   MMeghjee@RobinsKaplan.com
                                   MMcKenzie@RobinsKaplan.com

                                   *Attorneys for Plaintiffs/Movants Denise Miley and Brad Miley*

---

[13] The Parties will concurrently file a joint motion for expedited hearing pursuant to Panel Rule 6.3.

13

Dated: June 24, 2016         By:    <u>/s/ Kristian Rasmussen</u>
                                          Kristian Rasmussen
                                          CORY WATSON, P.C.
                                          2131 Magnolia Avenue, Suite 200
                                          Birmingham, AL 35205
                                          Telephone: (205) 328-2200
                                          Fax: (205) 324-7896
                                          krassmussen@corywatson.com

*Attorneys for Plaintiffs*

Dated: June 24, 2016         By:    <u>/s/ J. Gordon Rudd Jr.</u>
                                          J. Gordon Rudd Jr.
                                          ZIMMERMAN REED
                                          80 South Eighth Street, Suite 100
                                          Minneapolis, MN 55402
                                          Telephone: (612) 341-0400
                                          Fax: (612) 341-0844
                                          gordon.rudd@zimmreed.com

*Attorneys for Plaintiffs*

Dated: June 24, 2016         By:    <u>/s/ George T. Williamson</u>
                                          George T. Williamson
                                          FARR, FARR, EMERICH, HACKETT, CARR & HOLMES, P.A.
                                          99 Nesbit Street
                                          Punta Gorda, FL 33950
                                          Telephone: (941) 639-1158
                                          Fax: (941) 639-0028
                                          gwilliamson@farr.com

*Attorneys for Plaintiffs*

14

Dated:  June 24, 2016                    By: /s/ Anand Agneshwar

                                    Anand Agneshwar
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1107
Fax: (212) 715-1399
anand.agneshwar@aporter.com

Matthew Eisenstein
ARNOLD & PORTER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-6606
Fax: (202) 282-5100
matthew.eisenstein@ aporter.com

Barry J. Thompson
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4600
Fax:  (310) 785-4601
barry.thompson@hoganlovells.com

Lauren S. Colton
HOGAN LOVELLS US LLP
100 International Drive, Suite 200
Baltimore, MD 21202
Telephone:  (410) 659-2700
Fax:  (410) 659-2701
lauren.colton@hoganlovells.com

*Attorneys for Defendant Bristol-Myers Squibb Company*

15

Dated:  June 24, 2016

By: /s/Matthew A. Campell

Matthew A. Campbell
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006
Telephone: (202) 282-5848
Fax: (202) 282-5100
macampbe@winston.com

Luke A. Connelly
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Phone: (212) 294-6882
Fax: (212) 294-4700
lconnell@winston.com

*Attorneys for Defendants Otsuka Pharmaceutical Co.,*
*Ltd. and Otsuka America Pharmaceutical, Inc.*

16

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL-___ – IN RE: ABILIFY COMPULSIVE BEHAVIOR PRODUCTS**
**LIABILITY LITIGATION**

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Daniel F. Thomas<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Central District of California | 2:16-cv-326 | Hon. Percy Anderson |
| **Plaintiffs:**<br>Marsha Gibson, R. Dale Gibson<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Central District of California | 2:16-cv-3930 | Hon. S. James Otero |
| **Plaintiff:**<br>Susanna Tsiryulnikova<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Central District of California | 2:16-cv-4046 | Hon. Percy Anderson |
| **Plaintiffs:**<br>Brenda Sears, Robert Sears<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Eastern District of California | 1:16-cv-65 | Hon. Lawrence J. O'Neill |
| **Plaintiffs:**<br>Karen Reynolds, Delmar Scott Reynolds<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Eastern District of California | 1:16-cv-357 | Hon. Lawrence J. O'Neill |
| **Plaintiff:**<br>Athalean Harper-Mosley<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Eastern District of California | 1:16-cv-609 | Hon. Lawrence J. O'Neill |

| Plaintiffs:<br>Travis Vickers, Stacey Vickers<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Eastern District of California | 1:16-cv-737 | Hon. Lawrence J. O'Neill |
|---|---|---|---|
| **Plaintiff:**<br>Stephanie Pamintuan<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Northern District of California | 3:16-cv-254 | Hon. Haywood S. Gilliam, Jr. |
| **Plaintiff:**<br>Wilette Reese<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Middle District of Florida | 8:16-cv-116 | Hon. Steven D. Merryday |
| **Plaintiff:**<br>Ben Naiven Bowman<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Middle District of Florida | 8:16-cv-117 | Hon. James D. Whittemore |
| **Plaintiff:**<br>Gary R. Clarke<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Middle District of Florida | 2:16-cv-447 | Not Yet Assigned |
| **Plaintiff:**<br>Rita Perez<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc.. | Northern District of Florida | 3:16-cv-251 | Hon. M. Casey Rodgers |
| **Plaintiffs:**<br>David Viechec, Cassie Viechec<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Northern District of Florida | 3:16-cv-291 | Hon. M. Casey Rodgers |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Nicholas T. Meyer<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Southern District of Indiana | 1:16-cv-191 | Hon. Sarah Evans Barker |
| **Plaintiffs:**<br>Diana Kinder, Brooke Chapman<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of Maryland | 1:16-cv-170 | Hon. Ellen L. Hollander |
| **Plaintiff:**<br>James R. Davis<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of Maryland | 1:16-cv-171 | Hon. Ellen L. Hollander |
| **Plaintiff:**<br>Matthew T. Schaap<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of Maryland | 1:16-cv-172 | Hon. Ellen L. Hollander |
| **Plaintiffs:**<br>Stephen Butler, Harlen Castillo<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of Maryland | 1:16-cv-173 | Hon. Ellen L. Hollander |
| **Plaintiffs:**<br>Denise Miley, Brad Miley<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of Minnesota | 0:16-cv-67 | Hon. Patrick J. Schiltz |
| **Plaintiff:**<br>Thomas Leland<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc.. | Western District of Missouri | 6:16-cv-3023 | Hon. M. Douglas Harpool |

| **Plaintiffs:**<br>Angel Clark, Richard Clark<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of New Jersey | 3:16-cv-1313 | Hon. Michael A. Shipp |
|---|---|---|---|
| **Plaintiff:**<br>Debbra Cottrell<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc.. | District of New Jersey | 3:16-cv-1802 | Hon. Michael A. Shipp |
| **Plaintiff:**<br>Geneva Johnson<br>**Defendants:**<br> Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc.. | District of New Jersey | 3:16-cv-1841 | Hon. Michael A. Shipp |
| **Plaintiffs:**<br>Marc S. Tripler, Dawn M. Tripler<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Eastern District of Pennsylvania | 2:16-cv-244 | Hon. Petrese B. Tucker |
| **Plaintiffs:**<br>Joseph Edgar, Merideth Edgar<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Middle District of Pennsylvania | 1:16-cv-654 | Hon. Christopher C. Conner |
| **Plaintiffs:**<br>Joanna Bowman, John Bowman, Jr.<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | Middle District of Pennsylvania | 1:16-cv-1140 | Hon. Christopher C. Conner |

# EXHIBIT B

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION | MDL No. 2734 |
| | **NOTICE OF RELATED ACTIONS** |

In accordance with the Rules of Procedure for the United States Judicial Panel on

Multidistrict Litigation Plaintiffs David Stirling, Migdalia Stirling, Renee Foley and

Brandon Foley write to notify you of the potential related actions listed on the attached

Schedule of Actions.  Docket sheets and complaints are attached.


Dated:  July 11, 2016                    Respectfully submitted,

                                         **ROBINS KAPLAN LLP**

                                         By: /s/Megan McKenzie
                                              Gary L. Wilson,  (139358)
                                              Munir R. Meghjee,  (301437)
                                              Megan J. McKenzie,  (0388081)

                                         800 LaSalle Avenue
                                         Suite 2800
                                         Minneapolis, MN  55402
                                         612 349 8500
                                         Email:        GWilson@RobinsKaplan.com
                                                       MMeghjee@RobinsKaplan.com
                                                       MMcKenzie@RobinsKaplan.com

                                         *Attorneys for Plaintiffs Molly Adams, Eric Adams,*
                                         *Richard Campbell, and Courtney Campbell*

1

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION | MDL No.  2734<br><br>**NOTICE OF RELATED ACTIONS SCHEDULE OF ACTIONS** |
|---|---|

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br> David Stirling and Migdalia Stirling<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of Nevada | 2:16-cv-01597-GMN-PAL | Hon. Gloria M. Navarro |
| **Plaintiffs:**<br> Renee Foley and Brandon Foley<br>**Defendants:**<br>Bristol-Myers Squibb Company; Otsuka Pharmaceutical Co., Ltd.; Otsuka America Pharmaceutical, Inc. | District of Nevada | 2:16-cv-01596-APG-VCF | Hon. Andrew P. Gordon |

# EXHIBIT C

**6:16-cv-03023-MDH** Leland v. Bristol-Myers Squibb Company et al
M. Douglas Harpool, presiding
**Date filed:** 01/20/2016
**Date of last filing:** 06/30/2016

# History

| Doc. No. | Dates | Description |
|---|---|---|
| | *Filed & Entered:*                    01/20/2016 | NOTICE OF MAGISTRATE ASSIGNMENT |
| | *Docket Text:* NOTICE OF MAGISTRATE ASSIGNMENT sent via electronic mail to counsel for Plaintiff. This is a docket entry only. No document is attached. Magistrate Return due by 2/16/2016. (Burch, C. Steve) | |
| 1 | *Filed & Entered:*                    01/20/2016 | Complaint |
| | *Docket Text:* COMPLAINT against Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., Otsuka Pharmaceutical Co., Ltd. filed by Andrew J. Kabat on behalf of Thomas Leland. Filing fee $400, receipt number 0866-4674553. Service due by 4/22/2016. (Attachments: # (1) Civil Cover Sheet)(Kabat, Andrew) | |
| 2 | *Filed & Entered:*                    01/20/2016 | Notice of MAPN |
| | *Docket Text:* **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**  <br><br>Notice of MAP assignment to an outside mediator. (Burch, C. Steve) | |
| | *Filed & Entered:*                    01/21/2016 | Summons Issued |
| | *Docket Text:* SUMMONS ISSUED as to Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., Otsuka Pharmaceutical Co., Ltd.. (Anderson, Christy) | |
| 3 | *Filed & Entered:*                    01/29/2016 | NOTICE OF REASSIGNMENT |
| | *Docket Text:* NOTICE OF REASSIGNMENT from Magistrate Judge John T. Maughmer to District Judge M. Douglas Harpool. **The new case number is 16-cv-03023-S-MDH.** (Martin, Jan) | |
| 4 | *Filed & Entered:*       02/05/2016 <br> *Terminated:*             02/05/2016 | Motion to Appear Pro Hac Vice |
| | *Docket Text:* Motion to allow Megan J. McKenzie to appear pro hac vice (Pro Hac fee $50 receipt number CHECK966185) filed by Andrew J. Kabat on behalf of Thomas Leland. (Anderson, Christy) | |
| 5 | *Filed & Entered:*       02/05/2016 <br> *Terminated:*             02/05/2016 | Motion to Appear Pro Hac Vice |
| | *Docket Text:* Motion to allow Gary L. Wilson to appear pro hac vice (Pro Hac fee $50 receipt number CHECK966184) filed by Andrew J. Kabat on behalf of Thomas Leland. (Anderson, Christy) | |
| 6 | *Filed & Entered:*                    02/05/2016 | Order on Motion to Appear Pro Hac Vice |

| | | | |
|---|---|---|---|
| | *Docket Text:* ORDER granting [4] and [5] motions to appear pro hac vice approved by Clerk of Court. Attorney Megan J. McKenzie and Attorney Gary L. Wilson for Thomas Leland allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. This is a TEXT ONLY ENTRY. No document is attached.(Anderson, Christy) | | |
| **7** | *Filed & Entered:* | 02/12/2016 | Return of Service of Complaint Executed |
| | *Docket Text:* RETURN OF SERVICE of complaint executed by Thomas Leland. Bristol-Myers Squibb Company served on 1/25/2016, answer due 2/16/2016. (McKenzie, Megan) | | |
| **8** | *Filed & Entered:* | 02/12/2016 | Return of Service of Complaint Executed |
| | *Docket Text:* RETURN OF SERVICE of complaint executed by Thomas Leland. Otsuka Pharmaceutical Co., Ltd. served on 1/27/2016, answer due 2/17/2016. (McKenzie, Megan) | | |
| **9** | *Filed & Entered:* | 02/12/2016 | Return of Service of Complaint Executed |
| | *Docket Text:* RETURN OF SERVICE of complaint executed by Thomas Leland. Otsuka America Pharmaceutical, Inc. served on 1/27/2016, answer due 2/17/2016. (McKenzie, Megan) | | |
| **10** | *Filed & Entered:* | 02/15/2016 | Notice of Appearance |
| | *Docket Text:* NOTICE of appearance by John L. Hayob on behalf of Otsuka America Pharmaceutical, Inc., Otsuka Pharmaceutical Co., Ltd. (Attorney John L. Hayob added to party Otsuka America Pharmaceutical, Inc.(pty:dft), Attorney John L. Hayob added to party Otsuka Pharmaceutical Co., Ltd.(pty:dft))(Hayob, John) | | |
| **11** | *Filed & Entered:*<br>*Terminated:* | 02/15/2016<br>02/16/2016 | Motion for Extension of Time |
| | *Docket Text:* Joint MOTION for extension of time filed by John L. Hayob on behalf of Otsuka America Pharmaceutical, Inc., Otsuka Pharmaceutical Co., Ltd.. Suggestions in opposition/response due by 3/3/2016 unless otherwise directed by the court. (Hayob, John) | | |
| 12 | *Filed & Entered:* | 02/16/2016 | Order on Motion for Extension of Time |
| | *Docket Text:* ORDER granting [11] motion for extension of time. Defendants shall answer or otherwise respond to Plaintiff's Complaint on or before 3/17/2016. Plaintiff shall have an additional 30 days from the time prescribed to respond to any motion filed by Defendants in response to the Complaint. Signed on 2/16/2016 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Hance, Breanna) | | |
| **13** | *Filed & Entered:* | 02/17/2016 | Rule 16 Notice |
| | *Docket Text:* Rule 16 Notice. Proposed scheduling order due by 4/4/2016. Rule 26 conference due by 3/21/2016. Signed on 2/17/16 by District Judge M. Douglas Harpool. (View, Pat) | | |
| **14** | *Filed & Entered:*<br>*Terminated:* | 03/02/2016<br>03/02/2016 | Motion to Appear Pro Hac Vice |
| | *Docket Text:* Motion to allow Munir Reza Meghjee to appear pro hac vice (Pro Hac fee $50 receipt number 981826) filed by Andrew J. Kabat on behalf of Thomas Leland. (Attachments: # (1) Certificate of Good Standing - MN, # (2) Certificate of Good Standing - CO)(Schroeppel, Kerry) | | |
| 15 | *Filed & Entered:* | 03/02/2016 | Order on Motion to Appear Pro Hac Vice |
| | *Docket Text:* ORDER granting [14] *Motion to Appear Pro Hac Vice* approved by Clerk of Court. Attorney Munir R Meghjee for Thomas Leland allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. This is a TEXT ONLY ENTRY. No document is attached.(Schroeppel, Kerry) | | |
| **16** | *Filed & Entered:* | 03/03/2016 | Notice of Appearance |

| | | | |
|---|---|---|---|
| | *Docket Text:* NOTICE of appearance by Michael J. Patton on behalf of Bristol-Myers Squibb Company (Attorney Michael J. Patton added to party Bristol-Myers Squibb Company(pty:dft)) (Patton, Michael) | | |
| | *Filed & Entered:* | 03/03/2016 | Disclosure of corporate interests |
| 17 | *Docket Text:* DISCLOSURE OF CORPORATE INTERESTS filed by Michael J. Patton on behalf of Defendant Bristol-Myers Squibb Company. (Attachments: # (1) Exhibit Corporate Affiliations)(Patton, Michael) | | |
| | *Filed & Entered:* | 03/03/2016 | Notice of Appearance |
| 18 | *Docket Text:* NOTICE of appearance by Jeffrey T. Davis on behalf of Bristol-Myers Squibb Company (Attorney Jeffrey T. Davis added to party Bristol-Myers Squibb Company(pty:dft)) (Davis, Jeffrey) | | |
| | *Filed & Entered:* | 03/03/2016 | Disclosure of corporate interests |
| 19 | *Docket Text:* DISCLOSURE OF CORPORATE INTERESTS filed by John L. Hayob on behalf of Defendant Otsuka Pharmaceutical Co., Ltd..(Hayob, John) | | |
| | *Filed & Entered:* | 03/03/2016 | Disclosure of corporate interests |
| 20 | *Docket Text:* DISCLOSURE OF CORPORATE INTERESTS filed by John L. Hayob on behalf of Defendant Otsuka America Pharmaceutical, Inc..(Hayob, John) | | |
| | *Filed & Entered:* Terminated: | 03/04/2016 03/07/2016 | Motion to Appear Pro Hac Vice |
| 21 | *Docket Text:* Motion to allow Barry J. Thompson to appear pro hac vice (Pro Hac fee $50 receipt number 0866-4735821) filed by Michael J. Patton on behalf of Bristol-Myers Squibb Company. (Patton, Michael) | | |
| | *Filed & Entered:* Terminated: | 03/04/2016 03/07/2016 | Motion to Appear Pro Hac Vice |
| 22 | *Docket Text:* Motion to allow Lauren Schultz Colton to appear pro hac vice (Pro Hac fee $50 receipt number 0866-4735833) filed by Michael J. Patton on behalf of Bristol-Myers Squibb Company. (Patton, Michael) | | |
| | *Filed & Entered:* | 03/07/2016 | Order on Motion to Appear Pro Hac Vice |
| 23 | *Docket Text:* ORDER granting [21] motion to appear pro hac vice approved by Clerk of Court. Attorney Barry J. Thompson for Bristol-Myers Squibb Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. This is a TEXT ONLY ENTRY. No document is attached.(Burch, C. Steve) | | |
| | *Filed & Entered:* | 03/07/2016 | Order on Motion to Appear Pro Hac Vice |
| 24 | *Docket Text:* ORDER granting [22] motion to appear pro hac vice approved by Clerk of Court. Attorney Lauren Schultz Colton for Bristol-Myers Squibb Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. This is a TEXT ONLY ENTRY. No document is attached.(Burch, C. Steve) | | |
| | *Filed & Entered:* | 03/17/2016 | Answer to Complaint |
| 25 | *Docket Text: Defendant Bristol-Myers Squibb Company's* ANSWER to Complaint with Jury Demand on behalf of Bristol-Myers Squibb Company.(Patton, Michael) | | |
| | *Filed & Entered:* | 03/17/2016 | Answer to Complaint |
| 26 | *Docket Text: Defendant Otsuka America Pharmaceutical, Inc.'s* ANSWER to [1] Complaint, with Jury Demand on behalf of Otsuka America Pharmaceutical, Inc..(Hayob, John) | | |

| | Filed & Entered: | 03/17/2016 | Motion to Dismiss/Lack of Jurisdiction |
|---|---|---|---|
| 27 | Docket Text: MOTION to dismiss for lack of jurisdiction filed by John L. Hayob on behalf of Otsuka Pharmaceutical Co., Ltd.. Suggestions in opposition/response due by 4/4/2016 unless otherwise directed by the court. (Hayob, John) | | |
| | Filed & Entered: | 03/17/2016 | Suggestions in Support of Motion |
| 28 | Docket Text: SUGGESTIONS in support re [27] MOTION to dismiss for lack of jurisdiction filed by John L. Hayob on behalf of Defendant Otsuka Pharmaceutical Co., Ltd.. (Related document(s) [27]) (Hayob, John) | | |
| | Filed & Entered:<br>Terminated: | 03/30/2016<br>03/30/2016 | Motion to Appear Pro Hac Vice |
| 29 | Docket Text: Motion to allow Eric M. Goldstein to appear pro hac vice (Pro Hac fee $50 receipt number 0866-4770334) filed by John L. Hayob on behalf of Otsuka America Pharmaceutical, Inc., Otsuka Pharmaceutical Co., Ltd.. (Hayob, John) | | |
| | Filed & Entered:<br>Terminated: | 03/30/2016<br>03/30/2016 | Motion to Appear Pro Hac Vice |
| 30 | Docket Text: Motion to allow Luke A. Connelly to appear pro hac vice (Pro Hac fee $50 receipt number 0866-4770354) filed by John L. Hayob on behalf of Otsuka America Pharmaceutical, Inc., Otsuka Pharmaceutical Co., Ltd.. (Hayob, John) | | |
| | Filed:<br>Entered: | 03/30/2016<br>04/04/2016 | Order on Motion to Appear Pro Hac Vice |
| 31 | Docket Text: ORDER granting [30] motion to appear pro hac vice approved by Clerk of Court. Attorney Luke A Connelly for Otsuka America Pharmaceutical, Inc.,Luke A Connelly for Otsuka Pharmaceutical Co., Ltd. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. This is a TEXT ONLY ENTRY. No document is attached.(Schroeppel, Kerry) | | |
| | Filed:<br>Entered: | 03/30/2016<br>04/04/2016 | Order on Motion to Appear Pro Hac Vice |
| 32 | Docket Text: ORDER granting [29] motion to appear pro hac vice approved by Clerk of Court. Attorney Eric M. Goldstein for Otsuka America Pharmaceutical, Inc.,Eric M. Goldstein for Otsuka Pharmaceutical Co., Ltd. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. This is a TEXT ONLY ENTRY. No document is attached.(Schroeppel, Kerry) | | |
| | Filed & Entered:<br>Terminated: | 04/04/2016<br>04/04/2016 | Motion for Extension of Time |
| 33 | Docket Text: Joint MOTION for extension of time to File Proposed Scheduling Order filed by Michael J. Patton on behalf of Bristol-Myers Squibb Company. Suggestions in opposition/response due by 4/21/2016 unless otherwise directed by the court. (Patton, Michael) | | |
| | Filed & Entered: | 04/04/2016 | Order on Motion for Extension of Time |
| 34 | Docket Text: ORDER granting [33] motion for extension of time. Proposed scheduling order due by 5/4/2016. Signed on 4/4/2016 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Hance, Breanna) | | |
| | Filed & Entered: | 04/22/2016 | Affidavit |
| 35 | Docket Text: AFFIDAVIT re [28] Suggestions in Support of Motion (CORRECTED) by Otsuka Pharmaceutical Co., Ltd.. (Related document(s)[28]) (Goldstein, Eric) | | |

| | | | |
|---|---|---|---|
| | *Filed & Entered:* | 04/30/2016 | Suggestions in Opposition to Motion |
| 36 | *Docket Text:* SUGGESTIONS in opposition re [27] MOTION to dismiss for lack of jurisdiction filed by Munir R Meghjee on behalf of Plaintiff Thomas Leland. Reply suggestions due by 5/19/2016 unless otherwise directed by the court (Attachments: # (1) Declaration of Megan J. McKenzie, # (2) Exhibit 1 Missouri Medicaid State Drug Utilization Data, # (3) Exhibit 2 U.S. Abilify Label, # (4) Exhibit 3 FDA Complaint, Otsuka Pharm. Co., Ltd. v. Burwell, No. 8:15-cv-00852-GJH, # (5) Exhibit 4 Patent Complaint, Otsuka Pharm. Co., Ltd. v. Sandoz, Inc., No. 3:07-cv-01000, # (6) Exhibit 5 Leland Pharmacy Records, # (7) Exhibit 6 About ProPublicas Dollars for Docs database, # (8) Exhibit 7 Data ProPublicas Dollars for Docs database, # (9) Exhibit 8 Centers for Medicare & Medicaid Services Open Payments, # (10) Exhibit 9 Thomas v. Bristol-Myers Squibb Co., et al., No. 2:16-cv-00326-PA-AGR, # (11) Exhibit 10 Otsuka Holdings Co., Ltd.s Fiscal Year 2014 Financial Results Presentation, # (12) Exhibit 11 Otsuka Pharm. Co., Ltd. v. Sandoz, Inc., 2010 U.S. Dist. LEXIS 132595, # (13) Exhibit 12 Corporate Profile_Otsuka Pharmaceutical Co., Ltd., # (14) Exhibit 13 2015 Foreign Profit Corporation Annual Report, # (15) Exhibit 14 Application of a Foreign Corporation to Transact Business in Florida, # (16) Exhibit 15 Florida 2009 Annual Report, # (17) Exhibit 16 Otsuka Pharmaceutical Co., Ltd. Press Release_Board Members, # (18) Exhibit 17 PharmaVoice Creating A New Culture Hiromi Yoshikawa, # (19) Exhibit 18 November 2002 Abilify Approval Packet, # (20) Exhibit 19 August 28, 2003 FDA Letter, # (21) Exhibit 20 Commercialization Agreement for Aripiprazole, # (22) Exhibit 21 Pre-Trial Order, No. 3:07-cv-01000, # (23) Exhibit 22 Post-Trial Proposed Findings of Fact and Conclusions of Law, ECF 381, # (24) Exhibit 23 Fed. Ins. Co. v. Steris Corp., 2012 U.S. Dist. LEXIS 150651, # (25) Exhibit 24 Acorda Therapeutics Inc. v. Mylan Pharmaceuticals Inc., 2016 U.S. App. LEXIS 4942, # (26) Exhibit 25 Estate of Moore v. Carroll, 2016 U.S. Dist. LEXIS 12567, # (27) Exhibit 26 Betancourt v. Endo Pharms., Inc., 2014 U.S. Dist. LEXIS 184962, # (28) Exhibit 27 Blair v. Genentech, Inc., 2011 U.S. Dist. LEXIS 123720)(Related document(s)[27]) (Meghjee, Munir) |
| 37 | *Filed & Entered:* 04/30/2016 *Terminated:* 05/25/2016 | | Motion for Discovery |
| | *Docket Text:* MOTION for discovery *and Suggestions in Support of Jurisdictional Discovery* filed by Munir R Meghjee on behalf of Thomas Leland. Suggestions in opposition/response due by 5/19/2016 unless otherwise directed by the court. (Meghjee, Munir) | | |
| 38 | *Filed & Entered:* | 05/02/2016 | Notice of Hearing |
| | *Docket Text:* NOTICE OF HEARING - This is the official notice for this hearing. Telephone Conference set for 5/10/2016 02:00 PM before District Judge M. Douglas Harpool. The parties shall be prepared to discuss the pending motion to dismiss and motion for discovery as well as the status of potential transfer to MDL. Plaintiff shall initiate call with Defendants and then, once all parties are on the line, call into Chambers at 417-865-3741.(Hance, Breanna) | | |
| 39 | *Filed & Entered:* 05/04/2016 *Terminated:* 05/09/2016 | | Motion to Appear Pro Hac Vice |
| | *Docket Text:* Motion to allow Matthew Eisenstein to appear pro hac vice (Pro Hac fee $50 receipt number 0866-4816089) filed by Michael J. Patton on behalf of Bristol-Myers Squibb Company. (Patton, Michael) | | |
| 40 | *Filed & Entered:* 05/04/2016 *Terminated:* 05/09/2016 | | Motion to Appear Pro Hac Vice |
| | *Docket Text:* Motion to allow Anand Agneshwar to appear pro hac vice (Pro Hac fee $50 receipt number 0866-4816108) filed by Michael J. Patton on behalf of Bristol-Myers Squibb Company. (Patton, Michael) | | |

| | Filed & Entered:<br>Terminated: | 05/04/2016<br>05/09/2016 | Motion to Appear Pro Hac Vice |
|---|---|---|---|
| 41 | Docket Text: Motion to allow Matthew A. Campbell to appear pro hac vice (Pro Hac fee $50 receipt number 0866-4816963) filed by John L. Hayob on behalf of Otsuka America Pharmaceutical, Inc., Otsuka Pharmaceutical Co., Ltd.. (Hayob, John) | | |
| | Filed & Entered: | 05/04/2016 | Proposed Scheduling Order |
| 42 | Docket Text: Joint PROPOSED SCHEDULING ORDER by Bristol-Myers Squibb Company. (Davis, Jeffrey) (Additional attachment(s) added on 5/6/2016: # (1) Exhibit Proposed Joint Scheduling Order) (Keller, Jeanne) | | |
| | Filed & Entered: | 05/05/2016 | Notice of filing |
| 43 | Docket Text: NOTICE of filing Exhibit A to Proposed Joint Scheduling Order by Bristol-Myers Squibb Company re [42] Proposed Scheduling Order (Davis, Jeffrey) | | |
| | Filed & Entered: | 05/06/2016 | Notice of docket modification |
| | Docket Text: NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed as Document No. 43, Exhibit A to Proposed Joint Scheduling Order. The Notice of Filing which was filed as a separate document has been deleted and attached to document No. 42 to which it is an exhibit. This is a text entry only - no document is attached. (Keller, Jeanne) | | |
| | Filed & Entered: | 05/09/2016 | Order on Motion to Appear Pro Hac Vice |
| 44 | Docket Text: ORDER granting [41] motion to appear pro hac vice approved by Clerk of Court. Attorney Matthew A. Campbell for Otsuka America Pharmaceutical, Inc.,Matthew A. Campbell for Otsuka Pharmaceutical Co., Ltd. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. CM/ECF Registration form emailed to attorney Campbell. Signed on 5/09/2016 by Clerk of Court. This is a TEXT ONLY ENTRY. No document is attached.(Keller, Jeanne) | | |
| | Filed & Entered: | 05/09/2016 | Order on Motion to Appear Pro Hac Vice |
| 45 | Docket Text: ORDER granting [39] motion to appear pro hac vice by Matthew Eisenstein approved by Clerk of Court. This entry will serve as authorization for the pro hac participation by the attorney. ; granting [40] motion to appear pro hac vice by Anand Agneshwar approved by Clerk of Court. This entry will serve as authorization for the pro hac participation by the attorney. CM/ECF Registration form e-mailed to Attorney Matthew Eisenstein and Attorney Anand Agneshwar Signed on 5/09/2016 by Clerk of Court. This is a TEXT ONLY ENTRY. No document is attached.(Keller, Jeanne) | | |
| | Filed & Entered: | 05/10/2016 | Telephone Conference |
| 46 | Docket Text: Minute Entry. Proceedings held before District Judge M. Douglas Harpool: TELEPHONE CONFERENCE held on 5/10/2016. (Text entry only - no document attached) (Howard, Linda) | | |
| | Filed & Entered:<br>Terminated: | 05/16/2016<br>05/16/2016 | Motion for Extension of Time |
| 47 | Docket Text: MOTION for extension of time to File Reply filed by John L. Hayob on behalf of Otsuka Pharmaceutical Co., Ltd.. Suggestions in opposition/response due by 6/3/2016 unless otherwise directed by the court. (Hayob, John) | | |
| 48 | Filed & Entered: | 05/16/2016 | Order on Motion for Extension of Time |
| | Docket Text: ORDER granting [47] motion for extension of time to file reply re [27] motion to dismiss. Reply suggestions due by 5/23/2016 unless otherwise directed by the court Signed on | | |

| | 5/16/2016 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Hance, Breanna) |
|---|---|

| | Filed & Entered: | 05/23/2016 | Reply Suggestions to Motion |
|---|---|---|---|
| 49 | Docket Text: REPLY SUGGESTIONS to motion re [27] MOTION to dismiss for lack of jurisdiction filed by Eric M. Goldstein on behalf of Defendant Otsuka Pharmaceutical Co., Ltd.. (Attachments: # (1) Affidavit Reply Declaration of Tatsuro Watanabe)(Related document(s)[27]) (Goldstein, Eric) |

| | Filed & Entered: | 05/25/2016 | Order on Motion for Discovery |
|---|---|---|---|
| 50 | Docket Text: ORDER granting [37] motion for jurisdictional discovery and setting preliminary case management schedule. Parties' proposed protective order and ESI protocol due by 6/20/16. Jurisdictional discovery due by 6/30/16. Plaintiff's supplemental brief re Defendant's Motion to Dismiss [27] due on or before 7/11/16 and Defendant's response due on or before 7/18/16. Case is set for another status telephone conference on 7/28/16 at 10:00 a.m. Signed on 5/25/2016 by District Judge M. Douglas Harpool. (Hance, Breanna) |

| | Filed & Entered: | 05/25/2016 | Notice of Hearing |
|---|---|---|---|
| 51 | Docket Text: NOTICE OF HEARING - This is the official notice for this hearing. Telephone Conference set for 7/28/2016 10:00 AM before District Judge M. Douglas Harpool. Plaintiff shall initiate call with Defendants and then, once all parties are on the line, call into chambers at 417-865-3741.(Hance, Breanna) |

| | Filed & Entered: | 06/02/2016 | Certificate of Service |
|---|---|---|---|
| 52 | Docket Text: CERTIFICATE OF SERVICE by Thomas Leland of Plaintiff's First Set of Jurisdictional Discovery Interrogatories to Defendant Otsuka Pharmaceutical Co., Ltd. filed by Munir R Meghjee on behalf of Plaintiff Thomas Leland.(Meghjee, Munir) |

| | Filed & Entered: | 06/02/2016 | Certificate of Service |
|---|---|---|---|
| 53 | Docket Text: CERTIFICATE OF SERVICE by Thomas Leland of Plaintiff's First Set of Jurisdictional Requests for Production of Documents and Electronically Stored Information to Defendant Otsuka Pharmaceutical Co., Ltd. filed by Munir R Meghjee on behalf of Plaintiff Thomas Leland.(Meghjee, Munir) |

| | Filed & Entered:<br>Terminated: | 06/20/2016<br>06/28/2016 | Motion for Protective Order |
|---|---|---|---|
| 54 | Docket Text: Joint MOTION for protective order and a Protocol for Electronically Stored Information filed by Michael J. Patton on behalf of Bristol-Myers Squibb Company. Suggestions in opposition/response due by 7/8/2016 unless otherwise directed by the court. (Attachments: # (1) Exhibit Stipulated Protective Order, # (2) Exhibit Stipulated ESI Protocol)(Patton, Michael) |

| | Filed & Entered:<br>Terminated: | 06/28/2016<br>06/29/2016 | Motion to Stay |
|---|---|---|---|
| 55 | Docket Text: MOTION to stay Upposed Motion to Stay Pending a Decision by the Judicial Panel on Multidistrict Litigation filed by Michael J. Patton on behalf of Bristol-Myers Squibb Company. Suggestions in opposition/response due by 7/15/2016 unless otherwise directed by the court. (Patton, Michael) |

| | Filed & Entered: | 06/28/2016 | Suggestions in Support of Motion |
|---|---|---|---|
| 56 | Docket Text: SUGGESTIONS in support re [55] MOTION to stay Upposed Motion to Stay Pending a Decision by the Judicial Panel on Multidistrict Litigation filed by Michael J. Patton on behalf of Defendant Bristol-Myers Squibb Company. (Attachments: # (1) Exhibit MDL Motion) (Related document(s)[55]) (Patton, Michael) |

| | | | |
|---|---|---|---|
| | *Filed & Entered:* | 06/28/2016 | Order on Motion for Protective Order |
| [57](#) | *Docket Text:* ORDER granting [54] joint motion for protective order. Signed on 6/28/2016 by District Judge M. Douglas Harpool. (Hance, Breanna) | | |
| | *Filed & Entered:* | 06/29/2016 | Order on Motion to Stay |
| 58 | *Docket Text:* ORDER granting [55] unopposed motion to stay all proceedings and deadlines in this case pending JPML's decision on parties' joint motion to transfer case to MDL. The parties shall immediately advise the Court once the JPML has issued its decision. Signed on 6/29/2016 by District Judge M. Douglas Harpool. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Hance, Breanna) | | |
| | *Filed & Entered:* | 06/30/2016 | Notice of Hearing Cancellation |
| | *Docket Text:* NOTICE OF HEARING CANCELLATION - The Telephone Conference scheduled for 7/28/16 at 10:00 a.m. has been cancelled. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span> (Howard, Linda) | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/30/2016 10:08:08 | | | |
| **PACER Login:** | ap0036:2506661:0 | **Client Code:** | 0018400.00081 |
| **Description:** | History/Documents | **Search Criteria:** | 6:16-cv-03023-MDH |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# EXHIBIT D

Case 2:16-cv-01597-GMN-PAL   Document 18-4   Filed 08/09/16   Page 49 of 78
Case 1:16-cv-00170-ELH   Document 60   Filed 06/29/16   Page 1 of 2
Case 1:16-cv-00170-ELH   Document 59-4   Filed 06/29/16   Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

U.S. DISTRICT COURT
DISTRICT OF ...

2016 JUN 29  PM 5: 16

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| Diana Kinder, et ano., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:16-cv-00170-ELH |
| | ) | |
| Bristol-Myers Squibb Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| James R. Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:16-cv-00171-ELH |
| | ) | |
| Bristol-Myers Squibb Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Matthew T. Schaap, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:16-cv-00172-ELH |
| | ) | |
| Bristol-Myers Squibb Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Case 2:16-cv-01597-GMN-PAL   Document 23-4  Filed 08/09/16   Page 50 of 78
Case 1:16-cv-00170-ELH   Document 60   Filed 06/29/16   Page 2 of 2
Case 1:16-cv-00170-ELH   Document 59-4   Filed 06/29/16   Page 2 of 2

Stephen Butler, et ano.,      )
                      )
          Plaintiffs,   )
                      )
                      )
     vs.                )   Case No.: 1:16-cv-00173-ELH
                      )
Bristol-Myers Squibb Company, et al.,   )
                      )
          Defendants.   )
_____

## ORDER GRANTING DEFENDANTS' UNOPPOSED
## MOTION TO STAY PROCEEDINGS PENDING DECISION
## BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

On June 29, 2016, Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd. filed an unopposed motion to stay all proceedings until the resolution of the Parties' joint motion to establish a multidistrict litigation ("MDL").

IT IS SO ORDERED that all proceedings in this case, including consideration of Defendant Otsuka Pharmaceutical Co., Ltd.'s pending Motions to Dismiss for Lack of Personal Jurisdiction, are hereby stayed until resolution of the Parties' joint motion to establish an MDL for Abilify® compulsive behavior litigation nationwide.

Defendants' motion to stay all proceedings is hereby GRANTED.

*A Status report is due by 8/19/16. ELH*

**IT IS SO ORDERED**

Dated: _6/29/16_____, 2016          _Ellen R. Hollander_
                                           HON. ELLEN L. HOLLANDER
                                           United States District Judge

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BEN NAIVEN BOWMAN,**

      **Plaintiff,**

**v.**                                  **Case No: 8:16-cv-117-T-27JSS**

**BRISTOL-MYERS SQUIBB COMPANY,**
**OTSUKA PHARMACEUTICAL CO.,**
**LTD., and OTSUKA AMERICA**
**PHARMACEUTICAL, INC.,**

      **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Unopposed Motion to Stay Proceedings Pending

Decision by Judicial Panel on Multidistrict Litigation (Dkt. 72). Upon consideration, it is

**ORDERED**:

    1)      Defendant's Unopposed Motion to Stay Proceedings Pending Decision by Judicial

            Panel on Multidistrict Litigation (Dkt. 72) is **GRANTED**.

    2)      This case is **STAYED** pending a decision by the Judicial Panel on Multidistrict

            Litigation regarding whether this action should be transferred.

    3)      The Clerk is directed to terminate any pending motions and

            **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** this 30th day of June, 2016.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH EDGAR**, *et al.*, | : | **CIVIL ACTION NO. 1:16-CV-654** |
| **Plaintiffs** | : | |
| | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | |
| **BRISTOL-MYERS SQUIBB** | : | |
| **COMPANY**, *et al.*, | : | |
| **Defendants** | : | |

## <u>ORDER</u>

On July 1, 2016, Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd. filed an unopposed motion (Doc. 48) to stay all proceedings until the resolution by the Judicial Panel on Multidistrict Litigation of the Parties' joint motion to establish a multidistrict litigation ("MDL").

IT IS SO ORDERED that all proceedings in this case, including consideration of Defendant Otsuka Pharmaceutical Co., Ltd.'s pending Motion to Dismiss for Lack of Personal Jurisdiction, are hereby stayed until resolution of the Parties' joint motion to establish an MDL for Abilify® compulsive behavior litigation nationwide.

Defendants' motion to stay all proceedings is hereby GRANTED.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      July 5, 2016

# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARC S. TRIPLER, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 16-0244** |
| **BRISTOL-MYERS** | : | |
| **QUIBB COMPANY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

**AND NOW**, this _6th_ day of July, 2016, upon consideration of Defendants' Unopposed Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation (Doc. 49), **IT IS HEREBY ORDERED AND DECREED** that the Motion is **GRANTED**. All proceedings in this case, including consideration of Defendant Otsuka Pharmaceutical Co., Ltd.'s pending Motion to Dismiss (Doc. 15), are hereby **STAYED** pending a decision by the Judicial Panel on Multidistrict Litigation.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, C.J.**

# EXHIBIT H

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY R. CLARKE,

      Plaintiff,

v.                                          Case No: 2:16-cv-447-FtM-99CM

BRISTOL-MYERS          SQUIBB
COMPANY,               OTSUKA
PHARMACEUTICAL CO., LTD.,
and      OTSUKA      AMERICA
PHARMACEUTICAL, INC.,

      Defendants.

_____

**ORDER**

This matter comes before the Court on defendants' Unopposed
Motion to Stay Proceedings Pending Decision by Judicial Panel on
Multidistrict Litigation (Doc. #11) filed on July 5, 2016.
Defendants seek a stay of this case pending a determination by the
Judicial Panel on Multidistrict Litigation (JPML) on the parties'
motion to transfer this case, and 25 other cases, for consolidation
before the JPML with regard to the prescription medication Abilify®
and an increased risk of compulsive behaviors.  Plaintiff does not
oppose the stay.  Upon review, the stay will be granted for a
period of time without prejudice to the parties seeking an
extension of the stay if necessary.

Accordingly, it is hereby

**ORDERED:**

Defendants' Unopposed Motion to Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation (Doc. #11) is **GRANTED** to the extent that the case is stayed for a period of **NINETY (90) DAYS** from the date of this Order, including the filing of a pleading or response to the Complaint.  If the case is not otherwise transferred within this time period, the parties may seek to continue the stay before expiration of the time period.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 2 -

# EXHIBIT I

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

Denise Miley and Brad Miley,

               Plaintiffs,

     v.

Bristol-Myers Squibb Company, Otsuka
Pharmaceutical Co., Ltd., and Otsuka America
Pharmaceutical, Inc.,

               Defendants.

Case No. 0:16-cv-00067-PJS-KMM


**ORDER**

Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd. have filed a Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation ("JPML"). [ECF No. 49]. It is expected that, in late September, the JPML will consider whether this case and others should be made part of a nationwide multi-district litigation ("MDL"). The Court agrees that the conservation of judicial resources is best served by allowing the JPML time to determine whether this action should be part of an MDL, or should proceed as a stand-alone case in this District.

Based on the submission of Defendants, the agreement of the Plaintiffs, and a review of the record,

**IT IS HEREBY ORDERED THAT:**

Defendants' Motion is GRANTED and this matter shall be stayed until the Judicial Panel on Multidistrict Litigation renders a decision.  The parties are ORDERED to advise the Court within seven days after the JPML reaches a decision in this matter.

Dated:  July 8, 2016

*s/ Katherine Menendez*
The Honorable Katherine M. Menendez
United States Magistrate Judge

# EXHIBIT J

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHANIE PAMINTUAN,

            Plaintiff,

     v.

BRISTOL-MYERS SQUIBB COMPANY, et al.,

            Defendants.

Case No. 16-cv-00254-HSG

**ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING MDL PANEL DECISION**

Re: Dkt. No. 57

Before the Court is the motion to stay proceedings pending decision by the Judicial Panel on Multidistrict Litigation ("Panel") filed by Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd. (together, "Defendants"). Dkt. No. 57 ("Mot."). Plaintiff Stephanie Pamintuan ("Plaintiff") does not oppose the motion.

On June 24, 2016, the parties filed a joint petition with the Panel to transfer this case (and 25 others that also allege Defendants' pharmaceutical Abilify caused compulsive behavior) to one consolidated MDL proceeding. *Id.*, Ex. A. Defendants request a stay of proceedings in this Court pending the Panel's decision on whether to order transfer of the action. Defendants contend that any further proceedings in this Court, including a decision on the pending motion to dismiss for lack of personal jurisdiction, would endanger uniformity of treatment among the Abilify cases. *Id.* at 6. The parties expect the Panel to hear the petition on September 29, 2016. *Id.* at 7.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Using this power, a case may be stayed pending the resolution of independent judicial proceedings that bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1997). A

*Landis* stay is generally of a limited duration. *See Landis*, 299 U.S. at 256 (stating that a district court abuses its discretion by entering a "stay of indefinite duration in the absence of a pressing need"); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (reversing district court for imposing *Landis* stay of indefinite nature).

In order to determine whether a *Landis* stay should be implemented, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to grant a stay request is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

The Court finds that a temporary stay of proceedings in this action is appropriate pending a decision by the Panel on whether to consolidate the Abilify compulsive behavior cases in a single MDL proceeding. Under these circumstances, it makes sense for the court handling any MDL to have the opportunity to resolve issues like personal jurisdiction in a uniform manner. *Silverthorn v. Lumber Liquidators, Inc.*, No. 15-cv-1428, 2015 WL 2356785, at *7 (N.D. Cal. May 15, 2015). But more importantly, there does not appear to be any risk of harm or prejudice to any party or third party, especially in the light of Plaintiff's consent. And given that the Panel intends to hear the matter on September 29, 2016, the stay will be temporary and limited in duration.

Accordingly, the Court **GRANTS** Defendants' unopposed motion to stay this case pending a decision by the Panel on whether to transfer this action to a consolidated MDL proceeding.

**IT IS SO ORDERED.**

Dated: 7/14/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

# EXHIBIT K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01674-MEH

MOLLY ADAMS, and
ERIC ADAMS,

      Plaintiffs,

v.

BRISTOL-MEYERS SQUIBB COMPANY,
OTSUKA PHARMACEUTICAL COMPANY, LTD., and
OTSUKA AMERICA PHARMACEUTICAL, INC.,

      Defendants.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendants' Unopposed Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation [filed July 15, 2016; docket #8].  For the reasons that follow, the motion is **granted**.

## I.    Background

      Plaintiffs initiated this action on June 29, 2016 alleging generally that Defendants "did not warn, advise, educate, or otherwise inform (prescription drug) Abilify users or prescribers in the United States about the risk of compulsive gambling or other compulsive behaviors" and "Defendants' drug Abilify harmed Plaintiff Molly Adams, having caused harmful compulsive behaviors including compulsive gambling, resulting in substantial financial, mental, and physical damages." Complaint, ¶¶ 3, 6, docket #1.  Plaintiffs brings claims for products liability, negligence, fraud, violation of the Colorado Consumer Protection Act, and for breach of express and implied warranties.  *Id.* at 21-34.

Defendants have not responded to the complaint, but filed the present motion seeking a temporary stay of all proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") adjudicating a motion to transfer and consolidate actions filed across the country by similarly situated plaintiffs. Defendants anticipate that the Panel will rule on the motion during or shortly after the hearing set for September 29, 2016. Apparently, if the JPML grants the motion to transfer, this and other similar actions will be consolidated into one multidistrict litigation proceeding pursuant to 28 U.S.C. § 1407 in the Northern District of Florida.

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.,* No. 09-cv-00802-WYD, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *Lundy,* 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)).

The Court concludes that a temporary stay of proceedings is appropriate here. The Court first considers whether the interests of the parties would be served by a stay. *See String Cheese,* 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). The Plaintiffs do not oppose the request and I agree that a temporary stay of proceedings is in all of the parties' best interests. Further, the JPML is expected to rule on the motion to transfer by early October 2016 at the latest and, thus, the stay requested is likely to be brief, which minimizes any potential prejudice to any party.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese,* 2006 WL 894955, at *2. None of these factors prompts the

Court to reach a different result.  The Court finds that granting the stay will promote judicial economy and efficiency.  *See Lundy,* 2009 WL 1965521, at *1-2 (concluding "judicial economy ... best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp., Inc.*, No. 08-cv-02439-CMA, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008) (reasoning stay pending transfer to MDL appropriate because judicial economy best served by case being considered as part of MDL); *Franklin v. Merck & Co., Inc.*, No. 06-cv-02164-WYD, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and help insure consistent pretrial rulings").

Unlike in *Lundy, Lilak,* and *Franklin,* here the JPML has not yet determined whether a consolidated MDL proceeding is warranted for these Abilify actions. This fact may decrease the likelihood that the instant action will actually be transferred. However, the Court agrees with Defendants that awaiting a ruling from the JPML will conserve judicial resources and avoid the issuance of rulings on discovery and substantive motions inconsistent with those issued by other federal courts.  *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997) (granting stay where motion to transfer and consolidate cases into MDL proceeding pending before MDL Panel and noting that "a majority of courts" have concluded that such a stay is appropriate and conserves judicial resources); Manual for Complex Litigation (Fourth) § 22.35 (2009) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.").

Finally, the Court does not find that this case triggers a compelling nonparty or public interest that requires a different result.  Therefore, as a resolution of the pending motion may result in the transfer of this matter in its entirety, the Court finds good cause exists to impose a temporary

stay until the JPML rules on the pending Motion to Transfer.

## III.      Conclusion

Accordingly, for the reasons stated above, the Court **grants** the Defendants' Unopposed

Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation [filed

July 15, 2016; docket #8].  This matter is temporarily **stayed** pending further order of the Court.

The Scheduling Conference currently set in this case for August 30, 2016 is **vacated**.  The parties

shall file a status report with the Court within ***five business days*** of the JPML's ruling on the motion

to transfer indicating what, if any, scheduling may be needed.

Dated at Denver, Colorado, this 18th day of July, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

# EXHIBIT L

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


WILETTE REESE,

     Plaintiffs,

v.                              CASE NO. 8:16-cv-116-T-23MAP

BRISTOL-MYERS SQUIBB COMPANY,
et al.,

     Defendants.

_____/


**<u>ORDER</u>**

     The defendants' unopposed motion (Doc. 69) to stay is **GRANTED**. No later

than **OCTOBER 4, 2016**, the parties must either move to lift the stay or file a notice

describing the status of the request to transfer this action.

     ORDERED in Tampa, Florida, on July 22, 2016.

 

                                          STEVEN D. MERRYDAY
                                UNITED STATES DISTRICT JUDGE

# EXHIBIT M

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA SEARS; AND ROBERT SEARS,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BRISTOL-MYERS SQUIBB COMPANY, ET AL.,<br><br>                    Defendants. | CASE NO. 1:16-CV-00065-LJO-BAM<br>CASE NO. 1:16-CV-00357-LJO-BAM<br>CASE NO. 1:16-CV-00609-LJO-BAM<br>CASE NO. 1:16-CV-00737-LJO-BAM<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION<br><br>(ECF No. 54) |
| KAREN REYNOLDS; AND, DELMAR SCOTT REYNOLDS,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; ET AL.,<br><br>                    Defendants. | (ECF No. 45) |
| ATHALEAN HARPER-MOSLEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; ET AL.,<br><br>                    Defendants. | (ECF No. 31, 32) |
| TRAVIS VICKERS,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BRISTOL-MYERS SQUIBB COMPANY; ET AL.,<br><br>                    Defendants. | (ECF No. 16) |

**TO ALL PARTIES AND ATTORNEYS OF RECORD**:

This matter came before the Court on Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd.'s unopposed motion to stay all proceedings pending the resolution of the Parties' joint motion to establish a multidistrict litigation ("MDL"). The Court deems the matter appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). Based on the papers filed by the Defendants, and good cause appearing, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED**. All proceedings in the above-captioned cases, including consideration of any pending Motions to Dismiss, are hereby stayed pending the resolution of the Parties' joint motion to establish an MDL for Abilify® compulsive behavior litigation nationwide.

The Clerk of Court is FURTHER ORDERED to terminate any pending motions in these cases. Upon resolution of the Parties' joint motion to establish an MDL, any previously-filed motion may be re-noticed.

IT IS SO ORDERED.

Dated: __**July 29, 2016**__        _____**/s/ Lawrence J. O'Neill**_____
UNITED STATES CHIEF DISTRICT JUDGE

2

# EXHIBIT N

Barry J. Thompson (State Bar No. 150359)
barry.thompson@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:     (310) 785-4600
Facsimile:     (310) 785-4601

*Attorneys for Defendant Bristol-Myers Squibb
Company*

Drew A. Robertson (State Bar No. 266317)
darobertson@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone:     (213) 615-1700
Facsimile:     (213) 615-1750

*Attorneys for Defendants Otsuka America
Pharmaceutical, Inc. and Otsuka
Pharmaceutical Co., Ltd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL F. THOMAS,<br><br>                    Plaintiff,<br><br>     v.<br><br>BRISTOL-MYERS SQUIBB<br>COMPANY; OTSUKA<br>PHARMACEUTICAL CO., LTD.; and<br>OTSUKA AMERICA<br>PHARMACEUTICAL, INC.,<br><br>                    Defendants. | Case No. 2:16-cv-326-PA-AGR<br><br>**ORDER DENYING MOTION TO STAY PENDING GRANT OF MDL PETITION**<br><br>Date:   August 1, 2016<br>Time:   1:30 p.m.<br>Place:  Courtroom 15, 312 North Spring<br>          Street, Los Angeles, CA 90012<br>Judge:  Honorable Percy Anderson |

ORDER DENYING MOTION TO STAY PENDING GRANT OF MDL PETITION

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that this matter came before the Court on

3   Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc.,

4   and Otsuka Pharmaceutical Co., Ltd.'s unopposed motion to stay all proceedings (the

5   "Motion") until the Parties' joint motion to establish a multidistrict litigation

6   ("MDL") is resolved by the Judicial Panel on Multidistrict Litigation.  Having read

7   and considered the Motion,

8       **IT IS HEREBY ORDERED THAT:**

9       The Motion is DENIED without prejudice.

10

11

12

13

14

15      **IT IS SO ORDERED.**

16

17  Dated: July 6, 2016

                                         _____

18                                     HON. PERCY ANDERSON
                                       United States District Judge

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTION TO STAY PENDING GRANT OF MDL PETITION